```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                       WESTERN DISTRICT OF MISSOURI
                          SOUTHWESTERN DIVISION


UNITED STATES OF AMERICA,      ) Case No. 18-05029-01-CR-SW-MDH
                               )
          Plaintiff,           ) Springfield, Missouri
                               ) August 16, 2018
v.                             )
                               )
RICHARD WILLIAMS,              )
                               )
          Defendant.           )
_____)

          TRANSCRIPT OF HEARING ON ARRAIGNMENT AND DETENTION
                       and SCHEDULING CONFERENCE
                 BEFORE THE HONORABLE DAVID P. RUSH
                    UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Mr. James J. Kelleher |
| | Assistant United States Attorney |
| | 901 St. Louis St., Ste. 500 |
| | Springfield, MO  65806 |
| | (417) 831-4406 |
| For the Defendant: | Ms. Erica Mynarich |
| | 901 St. Louis St., Ste. 1600 |
| | Springfield, MO  65806 |
| | (417) 831-6363 |
| Court Audio Operator: | Ms. Karla Berziel |
| Transcribed by: | Rapid Transcript |
| | Lissa C. Whittaker |
| | 1001 West 65th Street |
| | Kansas City, MO  64113 |
| | (816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1                    (Court in Session at 2:41 p.m.)

2        THE COURT: Calling in *United States vs. Richard*

3 *Williams*. The defendant appears in person, along with his

4 attorney, Ms. Erica Mynarich. The United States appears by

5 Assistant United States Attorney, Mr. Jim Kelleher. This matter

6 is set this afternoon for an arraignment and detention hearing

7 and scheduling conference in regard to the Indictment returned

8 against this defendant on July 10th of 2018. Ms. Mynarich, on

9 behalf of the defendant, have you received a copy of the

10 Indictment in this case?

11        MS. MYNARICH: Yes, Your Honor, we received a copy of

12 the Indictment. We have reviewed it and we will waive formal

13 reading and enter a plea of not guilty.

14        THE COURT: Thank you. A plea of not guilty is entered

15 on behalf of the defendant. On his behalf, will you voluntarily

16 disclose Jencks Act material at least 14 days prior to trial?

17        MS. MYNARICH: Yes, Your Honor.

18        THE COURT: And are you asking for all discovery to

19 which your client is entitled?

20        MS. MYNARICH: Yes, Your Honor.

21        THE COURT: Thank you. Mr. Kelleher, on behalf of the

22 United States, will you also voluntarily disclose Jencks Act

23 material at least 14 days prior to trial?

24        MR. KELLEHER: Yes, Your Honor.

25        THE COURT: And are you asking for all discovery to

 1  which the United States is entitled?
 2           MR. KELLEHER:  Yes, Your Honor.
 3           THE COURT:  (Clearing throat).  Excuse me.  Thank you.
 4  I will enter a scheduling order and place this matter on the
 5  joint criminal trial docket.  I will alert both parties, but
 6  primarily defense counsel, that due to the nature and the timing
 7  of the arraignment today, this will show up on the September
 8  trial docket.  Pretrial conferences are set, I believe, on August
 9  29th.  Certainly, if you've just gotten into the case and are
10  receiving discovery and need time to review it, Ms. Mynarich, if
11  you file a motion for a continuance, the Court would view that
12  favorably on that basis, obviously.  The additional issue before
13  the Court this afternoon is the defendant's custody status.  In
14  that regard, the Court will note it has just received the Motion
15  for Detention that was filed, a written motion by the Government.
16  The Court will take note of its own file, which includes the
17  Indictment returned in this case, as well as the Pretrial
18  Services Report, a copy of which has been made available to both
19  parties.  The author of that report is Ms. Claudia Allison,
20  United States Probation Officer.  (Clearing throat).  Excuse me.
21  For the record, she is present in the courtroom for these
22  proceedings.  Mr. Kelleher, with that information before the
23  Court, does the United States have any additional evidence that
24  you want to put on by way of witness or proffer, and then I'll
25  entertain the argument you'd like to make.

4

1  MR. KELLEHER: Thank you, Your Honor. Your Honor, the
2  Government would ask that you take judicial notice of the
3  Complaint -- or the Affidavit for the Complaint filed in this
4  matter. Unfortunately, as the Court is aware, when Mr. Williams
5  was originally brought over it was on a writ, and the case was
6  originally set for arraignment on August 20th, I believe.
7  However, by virtue of the fact that Vernon County dismissed their
8  case, it was then set for a detention hearing this Monday. As a
9  result, the lead investigator in our case, Special Agent J.D.
10 Holdman, is currently in the state of Texas and was unable to be
11 here today. However, I believe that the -- his Affidavit for the
12 Complaint covers the factual basis for this particular charge
13 with considerable detail. The only additional evidence that the
14 Government would proffer or ask that be stipulated to is the fact
15 that the cybertips that are detailed in the Affidavit, there were
16 actually a number of images that were reviewed by the
17 investigators. I've gotten into that very briefly in my Motion
18 for Detention. The notable aspect of those images is that a
19 majority of them depict prepubescent individuals, that is,
20 children under the age of 5 primarily. Two of the images that
21 were revealed by Tumblr depict children being raped. One video
22 depicts what appears to be a teenage female being raped by an
23 older man that she calls "Dad," and another video depicts a young
24 female being anally raped by one male, actually -- I'm sorry --
25 two males, while she is secured to a wooden device that prevents

her escape. Obviously, that imagery is a bit more disturbing and violent than we typically see in these cases. Further, Your Honor, as the Affidavit sets forth, the defendant was initially -- or initially came to the attention of law enforcement after the National Centers for Missing and Exploited Children received a cybertip line report from Tumblr, and that was because the defendant had been posting these images on his blogs and, in fact, acknowledged when he was questioned that he had two Tumblr blogs that he called "Let Me Love Your Family" and the second blog called "Possibly I Want Your Family." During that same interview, the defendant admitted that he actively sought family sex pictures with incest and similar types of acts, and that he, in fact, masturbated to that imagery. The Affidavit also sets forth the fact that during the course of the forensic preview of the defendant's devices, many of the files depicted prepubescent children under the age of 4 or 5 years of age engaged in sexually explicit conduct. And again, one such -- one of the more disturbing images depicted a young female engaged in oral sex with a dog. The defendant, in that same interview, also admitted that he received the bulk of his child pornography directly from other individuals, which again, Your Honor, the Government believes is an aggravating factor. Ordinarily in these cases, it is somewhat anonymous. That is, the defendant gets on the Internet and either through the regular Internet or, by using peer-to-peer software, downloads child pornography from the

Internet, without there being direct contact with other individuals. The defendant's actions in this particular case are considerably more aggravated than what we would see in the normal case. Again, because of the nature of the images recovered, because of his direct contact with other like-minded individuals via the Internet, and the fact that the defendant took it upon himself to post some of these images to Tumblr, which is a publicly accessible website that does not require any kind of specialized software to access by the general public, and for those reasons, Your Honor, it is the Government's position that the defendant poses more danger to society than other similarly-situated individuals who have been charged with this type of crime. And for those reasons, Your Honor, the Government respectfully suggests to the Court that the defendant be detained pending trial.

      THE COURT: All right. Thank you, Mr. Kelleher. Ms. Mynarich, on behalf of the defendant -- and I will note for the record, I have reviewed the Government's -- (clearing throat) excuse me -- Motion for Detention, and I do note that the Criminal Complaint contains the majority of that information is also contained in the Complaint, which the Court is familiar with and will take judicial notice of. Ms. Mynarich, on behalf of the defendant, is there any evidence you'd like to present by way of witness, testimony or proffer, and then I'll entertain any argument you'd like to make?

1  MS. MYNARICH: No, Your Honor. I would just like to
2  present argument.
3  THE COURT: All right. You may proceed.
4  MS. MYNARICH: Thank you. Your Honor, the factor that
5  Mr. Kelleher mentioned, direct contact with other like-minded
6  individuals, that seemed to me to be the only factor that he
7  mentioned that actually is different than the majority of the
8  cases that come before Your Honor. I understand he is mentioning
9  things like videos or photos depicting rape. As egregious as
10 that is, the sadomasochistic enhancement applies in almost every
11 single case that comes before this Court. I want to say it's
12 over 75 percent of the cases. And so, I don't think that that
13 actually makes this case much different than other cases that
14 Your Honor sees and individuals that Your Honor does allow to be
15 put on pretrial release. The fact of the matter is on pretrial
16 release, he wouldn't have access to the Internet. Obviously,
17 that would be an order from the Court. My client's wife is here.
18 She would understand that order as well, that they would not be
19 having -- he won't have access to the Internet at his home. And
20 so, that particular danger to the community would be removed
21 because he wouldn't have access to those devices. Additionally,
22 Your Honor, my client does not have children. He does not have
23 grandchildren. There is no reason for, you know, children to
24 come over to the home. While there are, you know, other family
25 members, there's no reason why they need to come over. So, he

won't have any sort of contact with children. He would be on house arrest like electronic monitoring, as is required in these types of cases. Also, Your Honor, I don't think that -- I don't think Mr. Kelleher really talked about flight risk, and I'm not sure that that's really a concern of the Court. I think Mr. Kelleher was probably focusing mostly on safety to the community. But as Your Honor is probably aware, my client does have severe diabetes. Because of complications with the diabetes, he has lost one of his legs, and so he is in a wheelchair. And so, if he were to be released on house arrest, he would be confined to his wheelchair, living with his wife, who he's been married to for approximately 28 years, and they would, you know, abide by all of the conditions set by the Court. As Ms. Allison noted in her report, he has no history of substance abuse or mental health issues. And so, there shouldn't be any outside influences like addiction that would affect his ability to follow the Court's orders. And also, Your Honor, I have not, obviously, seen the discovery yet, but I think that the -- I don't think that Tumblr postings -- I don't think they were posted to the public. I don't know if they were -- I don't know if they were private. I got the impression from the little bit that I have learned that these are not, when I looked at the information that these were not, sort of out there public for the whole world to see, and so, I don't think it's the -- it's as egregious as sort of posting something like on Facebook, you know, where anybody comes. I

9

think the things that Mr. Kelleher is mentioning are more private than that. But, again, I have not had access to the discovery, so I could be wrong about that. Your Honor, the only other thing I wanted to mention is Mr. Young is here. He's an attorney from Joplin. He represented Mr. Williams on the Vernon County case, and he has entered as co-counsel in this case. He has met with the family multiple times. Your Honor, I met with my client's wife and his mother and his step-father yesterday. They all live in the Vernon County area. He has a ton of family support, and I went over with them what all of the conditions would be, the house arrest, the electronic home monitoring, the fact that there can't be weapons in the house, the fact that children cannot come over, and they have all expressed to me that they understand those conditions, and that they would make sure that those conditions are abided by. And with that, Your Honor, I have no other comments.

       THE COURT: All right. Thank you, Ms. Mynarich. Well, I mean, cases of this nature are always going to be troubling, and everyone in this room that, at least the attorneys in this room, are all aware that there is a statutory presumption. It's not a mandatory detention, just because of the nature of the case, and I understand, you know, when I read these affidavits or I read search warrants, I mean, all of it is disturbing to me. I don't know -- any image of a minor being sexually abused is going to be rape. I don't know, you know, again, the things that have

been described are disturbing, but I don't know where the line is as to this is more disturbing than another. And so, you know, I understand the Government's argument. I don't know what a normal case is for child pornography. I don't know because I don't. I don't get it. And it would always be disturbing. And, you know, the Court is faced with determining whether I can fashion conditions that can ensure the appearance of the defendant at trial and to protect the community. And if I were to look at the nature of the offense for child pornography, I would never release anybody on bond because I would find one image of a 12-year-old or 14-year-old or 15-year-old or baby, they all are disturbing, and I cannot wrap my mind around it. I do concur. Again, you know, my job is not to be affected by the nature of the offense. I understand the offense. It is troubling. But I do believe that there are conditions that can be fashioned for release in this matter. What I intend to do is I do intend to have those conditions signed by the defendant. Mr. Kelleher, what I will do is that I will have those conditions filed, and then I will stay release, you know, to allow the Government the opportunity to appeal the Court's decision, obviously. So, that's my intent is to release him on the conditions that have been prepared or been articulated by Ms. Allison, but I certainly would provide the opportunity to stay my release of the defendant, if you were inclined to want to appeal this to the District Judge.

11

1         MR. KELLEHER: I don't have that intention, Your Honor.

2         THE COURT: All right. Well, what I will do is then is,

3 Ms. Allison, if you can go over the bond conditions with the

4 defendant and prepare those. They're prepared, I know, but have

5 him go over them, have him sign them, and then I will order him

6 to be released on those conditions. We'll take a brief recess.

7 Can that all be done, Deputies, to do that here? All right.

8 We'll take a brief recess. With that, we'll be in recess.

9         (Court in Recess from 2:55 p.m. until 3:03 p.m.)

10         THE COURT: Calling -- back on the record in *United*

11 *States vs. Richard Williams.* Mr. Williams, I have prepared a

12 bond and order setting conditions of the release for your

13 signature, which you have reviewed with the Pretrial Services

14 officer. Do you understand the conditions of your release and

15 the penalties should you violate any or fail to appear?

16         MR. WILLIAMS: Yes, Your Honor, I do.

17         THE COURT: And do you agree to abide by them?

18         MR. WILLIAMS: Yes, sir, I do.

19         THE COURT: And the record will reflect that, you know,

20 the Government has objected to the release. You need to

21 understand, as you heard me say, these are very serious charges.

22 They are very troubling charges. And if I find out that you have

23 violated your conditions and, in particular, there are certain

24 conditions I think that should be obvious to you.

25         MR. WILLIAMS: Yes, sir.

1         THE COURT: But if you violate any of these conditions
2 and it's brought to my attention, your attorney won't have much
3 to argue. And these are the types of cases that really cause the
4 Court to worry and keep you up at night hoping that we've put the
5 necessary conditions in place to protect the public. And that's
6 my obligation to do under the law, and I do believe that we have
7 done so. I hope and pray that you abide by all these conditions.
8 If you don't, your bond will be revoked immediately. But I just
9 hope in the meantime, there's not another victim of your activity
10 -- of the alleged activity. I know that you have the presumption
11 of innocence. I am going to order you released on these
12 conditions. Is there anything further from either side?
13         MR. KELLEHER: No, Your Honor. Thank you.
14         MS. MYNARICH: No, Your Honor.
15         THE COURT: All right. Thank you.
16         (Court Adjourned at 3:05 p.m.)

1
2
3
4
5
6    I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.
7
8
9    /s/ Lissa C. Whittaker     August 22, 2018
     Signature of transcriber           Date
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25